■ RENEE L. DU CHENE, an Infant, by DANIEL P. DU CHENE, Her Father, et al., Appellants, v. YONKERS PROFESSIONAL HOSPITAL et al., Respondents.— In a negligence and medical malpractice action to recover damages for personal injuries to the infant plaintiff and for loss of services and medical expenses incurred by her father, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered May 11, 1973, in favor of defendants Yonkers Professional Hospital, Grete Runge, Margaret Anderson, F. Williams and Tobias Martin Rubin, upon a jury verdict. Judgment reversed, on the law and facts, and new trial granted, with costs to abide the event. The infant plaintiff, Renee Lisa Du Chene, was born apparently normal at 3:54 P.M. on February 20, 1967 at defendant Yonkers Professional Hospital. Low forceps were used in the delivery. At about 4:30 P.M. and again for about a 10-minute period sometime between 8:00 and 8:30 P.M., the father observed the child and saw no marks on her head. At about 9:00 P.M. Nurse Anderson brought the child to the mother's room where the mother examined the child and saw no marks on her forehead. About five minutes later, Miss Anderson returned the child to the nursery, at which time Miss Anderson became alarmed when she noticed that the baby was twitching and acting abnormally. The child's pediatrician was summoned. At 10:00 P.M. he examined the child and observed that she was having generalized seizures, with apnea and cyanosis. He also noted that on the right frontal area of the head there was an ecchymotic area and a one-half-inch laceration. The child was then transferred to the hospital of the Albert Einstein College of Medicine, where she was examined and treated. At the trial, Dr. Gerald Golden, a pediatric neurologist who had examined and treated the child on this admission to Einstein Hospital, testified that the child had incurred a cerebral hemorrhage and brain injury and: " My opinion is that trauma sufficient to cause the ecchymosis and laceration on this child's head could be [a] competent cause of the cerebral hemorrhage, of the secondary microcephaly and everything from which this child now suffers." Defendant Yonkers Professional Hospital presented the testimony of Dr. Richard Reuben, a pediatric neurologist, whose opinions were based on a study of the child's hospital records and a November 8, 1972 examination of the child. We reverse because the evidence that the child's injuries were caused by perinatal trauma, occurring within the first six hours of life, was extensive, whereas the defense evidence that the child's brain damage was due to transient neo-natal hypoglycemia was contrary to the credible evidence. We note, in particular, the evidence that the infant responded to a dosage of dextrose far less than required to combat a hypoglycemic condition and that the opinion of the defense expert necessarily was heavily reliant upon a hospital laboratory test which the treating hospital doctors — responsible for the life of the child — considered erroneous. There was considerable evidence supporting the conclusion of these treating hospital doctors, including unlikelihood of the child surviving a zero or undetectable blood sugar count. Further, transient neo-natal hypoglycemia was shown to be a rare disease. It is even more extraordinary that it would clearly manifest

itself at the time that Nurse Anderson returned the child to the nursery and suddenly found that the child was acting abnormally, shortly after which the child was seen by the pediatrician to have a laceration on her forehead. Finally, we note that plaintiffs' evidence was heavily based on hospital records containing the observations and opinions of treating doctors, rendered prior to this litigation. We are also of the opinion that the witness Anderson should have been produced. Latham, Acting P. J., Shapiro, Christ, Brennan and Munder, JJ., concur.